**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| **SUNNY KAUR** | § | |
| **6123 Pella Lane** | § | |
| **Fredericksburg, Virginia 22407** | § | |
| | § | |
| ***On Behalf of Herself and*** | § | |
| ***All Others Similarly Situated*** | § | |
| | § | |
| **Plaintiff,** | § | **CASE NO.** 3:21-CV-00522 |
| | § | |
| **v.** | § | |
| | § | |
| **GOVERNMENT EMPLOYEES** | § | |
| **INSURANCE COMPANY** | § | |
| **d/b/a GEICO** | § | |
| **5260 Western Avenue** | § | |
| **Chevy Chase, Maryland 20815** | § | |
| | § | |
| **Serve:  C T CORPORATION SYSTEM** | § | |
| **4701 Cox Road, Suite 285** | § | |
| **Glen Allen, Virginia 23060** | § | |
| **Richmond, Virginia 23219** | § | |
| | § | |
| **DEFENDANT.** | § | **JURY TRIAL DEMANDED** |

---

## CLASS AND COLLECTIVE ACTION COMPLAINT

---

### SUMMARY

1.      Government Employees Insurance Company d/b/a GEICO ("GEICO" or "Defendant") perpetrated an unlawful payroll policy designed to withhold and deny Plaintiff Sunny Kaur ("Named Plaintiff") and other similarly situated individuals who worked as Telephone Claims Adjuster at GEICO's Region 1 Telephone Claims Adjuster Call Center in Fredericksburg, Virginia, who earned and are now owed unpaid wages and/or unpaid overtime wages as required by the Federal Fair Labor Standards Act 29 § U.S.C. 207, *et seq*. ("FLSA")

and the Virginia Wage Payment Act Virginia Code § 40.1-29, *et seq*. ("VWPA").

2.      This action seeks to recover the unpaid wages and other damages owed to Named Plaintiff and other similarly situated GEICO Region 1 Telephone Claims Adjusters.

### JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

4.      This Court properly confers supplemental jurisdiction over alleged common and interrelated state law and claims seeking recovery of unpaid wages and damages.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### THE PARTIES

6.      GEICO is a business entity formed under the laws of Nebraska and operating out of a principal office located in Chevy Chase, Maryland.

7.      At all times relevant to this action, GEICO operated continuously and substantially as an insurance company, providing insurance related services to businesses and individuals in all counties and jurisdictions of Virginia, as well as ongoing and continuous business operations in all fifty (50) states.

8.      GEICO is an enterprise engaged in commerce under the FLSA because material hereto it had an annual gross volume of sales more than $500,000.00.

9.      At all times relevant, GEICO was Named Plaintiff's employer and the employer of all other similarly situated Telephone Claims Adjusters as defined by the FLSA and applicable state law.

10.     Named Plaintiff is an adult resident of Fredericksburg, Virginia.

11.     During the period relevant to this action, Named Plaintiff was employed by GEICO as a Region 1 Telephone Claims Adjuster, performing substantial and ongoing employment duties for the benefit of GEICO in Fredericksburg, Virginia.

12.     Named Plaintiff, by including her name on the caption of this Class and Collective Action Complaint, affirms her written consent to participate as a plaintiff in a collective action to seek unpaid wages and damages under the FLSA and to act as class representatives for the Federal Rule 23 class claims alleged herein.

### FACTS

13.     During the period of about September 2002 through about mid-March 2020, Named Plaintiff performed Telephone Claims Adjuster work duties for the benefit of GEICO primarily at GEICO's telephone call center and business office located in Fredericksburg, Virginia.

14.     During the period of about mid-March 2020 through about May 6, 2021, Named Plaintiff performed Telephone Claims Adjuster work duties for the benefit of GEICO primarily from Named Plaintiff's home in Fredericksburg, Virginia.

15.     During the relevant period of at least August 2018 through about mid-March 2020, Named Plaintiff typically commenced her compensable work duties at GEICO's Fredericksburg, Virginia, office at about 7:45 AM – 8:00 AM.  Named Plaintiff typically performed compensable work duties for the benefit of GEICO continuously (with only short periodic rest breaks, including a 10 to 15-minue meal break) until about 4:30 PM – 5:00 PM, and occasionally as late as 5:30 PM.  Thereafter, Plaintiff returned to her home and occasionally (1-2 times per week) performed some additional work duties (typically between 30 minutes to 1-hour per instance) from home.

16.     During the period of about mid-March 2020 through about May 6, 2021, Named Plaintiff typically commenced her compensable work duties by logging into her work computer at about 7:45 AM – 7:55 AM, to be ready for the morning "Team Meeting" at 8:00 AM. Following the "Team Meeting," Named Plaintiff typically performed compensable work duties for the benefit of GEICO continuously (with only short periodic rest breaks, including a 10 to 15-minute meal break) until about 4:30 PM – 5:00 PM, and occasionally as late as 5:30 PM. Thereafter, Named Plaintiff attended to life and other family responsibilities from.  Finally, Named Plaintiff customarily performed additional work duties for the benefit of GEICO between the hours of 9:00 PM – 11:00 PM.

17.     At the commencement or during the period of their employment, Named Plaintiff and each similarly situated Telephone Claims Adjuster entered into a written contract with GEICO in which GEICO agreed to pay Named Plaintiff and each similarly situated individual a set hourly or salary wages for all hours worked.  Per the terms of their written payment plans and/or employment contracts, GEICO agreed and was otherwise obligated to pay Named Plaintiff and each similarly situated individual as hourly or salary employees at rates increasing over the period of their employment, and generally at an hourly rate or salary equivalent ranging from slightly more than $20.00 per hour to slightly under $30.00 per hour.

18.     At no time did Named Plaintiff or any other similarly situated Region 1 Telephone Claims Adjuster perform work duties making them exempt from the FLSA time-and-one-half overtime compensation requirement.

19.     During the period relevant to this action, GEICO typically and customarily paid Named Plaintiff and other similarly situated Telephone Claims Adjusters wages for a Monday –

Friday work schedule set from 8:00 AM – 4:30 PM; with an automatically deducted 45-minute daily meal break period.

20.     At no time did GEICO did not take affirmative good faith steps to track or record the compensable time Named Plaintiff or other similarly situated Telephone Claims Adjusters worked each day or each week with reasonable accuracy or precision.

21.     At all times relevant to this action, GEICO directed Named Plaintiff and other similarly situated Region 1 Telephone Claims Adjusters to enter 7.75 hours of compensable time per day on employee time records to ensure overtime and, by extension, time-and-one-half overtime wages would not be due and owing to non-exempt employees like Named Plaintiff and other similarly situated Telephone Claims Adjusters.

22.     Through GEICO company-wide policies and business practices, carried out through intimidation tactics and implied adverse employment consequences, GEICO successfully pressured Named Plaintiff and other similarly situated Telephone Claims Adjusters to customarily enter 7.75 hours of compensable time per day notwithstanding that Named Plaintiff and other similarly situated Telephone Claims Adjusters regularly and customarily worked more than eight (8) hours per day and, by extension, more than forty (40) hours per week.

23.     Through GEICO company-wide policies and business practices, GEICO instructed the supervisors for Named Plaintiff and other similarly situated Telephone Claims Adjusters to inform Named Plaintiff and other similarly situated Telephone Claims Adjusters that 7.75 hours per day was sufficient if Named Plaintiff and other similarly situated Telephone Claims Adjusters were working hard and doing their job. This policy and strategy resulted in the logical conclusion that if Named Plaintiff or other similarly situated Telephone Claims Adjusters

advised supervisors they worked more than eight (8) hours in a day, the additional working hours evinced poor work performance.  Thus, GEICO created a company and class-wide policy and practice, reinforced by supervisors and GEICO company culture, that it was better for Named Plaintiff and other similarly situated Telephone Claims Adjusters' career to stay quiet and allow GEICO to steal their hours/wages rather than speak up, complain about additional compensable work hours, and risk a poor workplace reputation, negative performance reviews, and risk additional negative workplace consequences.

24.     At all times relevant to this action, GEICO had actual knowledge of employee complaints, text messages, emails, internal employee chat or messaging programs, and other employee monitoring systems that GEICO's time sheet system and the content thereof was not accurate and that Named Plaintiff and other similarly situated Telephone Claims Adjusters regularly and customarily worked more than eight (8) hours per day and more than forty (40) hours per week.

25.     At all times relevant to this action, GEICO had actual or constructive knowledge and otherwise suffered or permitted Named Plaintiff and other similarly situated Telephone Claims Adjusters to perform compensable work duties over eight (8) hours per day and more than forty (40) hours per week.

26.     On some occasions, GEICO approved Named Plaintiff and/or other similarly situated Telephone Claims Adjusters compensable work exceeding 7.75 hours per day and/or 40 hours per week.  These instances, customarily, occurred when GEICO directed Named Plaintiff or other similarly situated Telephone Claims Adjusters to service additional GEICO customers. In these instances, GEICO paid Named Plaintiff and/or other similarly situated Telephone Claims Adjusters for some, but not all compensable hours worked.

27.     At all times relevant to this action, GEICO had actual knowledge that it was obligated under the FLSA and Virginia law to track and record Named Plaintiff and other similarly situated similarly situated Telephone Claims Adjusters compensable hours accurately and with precision.

28.     At all times relevant to this action, GEICO had actual knowledge that its failure to track and record Named Plaintiff and other similarly situated Telephone Claims Adjusters' compensable hours accurately and/or with precision was in direct violation of GEICO's FLSA and Virginia law record keeping requirements.

29.     At all times relevant to this action, GEICO had actual knowledge that it was obligated to pay Named Plaintiff and other similarly situated Telephone Claims Adjusters all wages due and owing for all hours Named Plaintiff and other similarly situated Telephone Claims Adjusters worked each week and pay Named Plaintiff and other similarly situated Telephone Claims Adjusters overtime wages at the time-and-one-half rate for overtime Named Plaintiff and other similarly situated Telephone Claims Adjusters worked over forty (40) hours each week.

30.     At all times relevant to this action, GEICO had actual knowledge that its failure to pay Named Plaintiff and other similarly situated Telephone Claims Adjusters all wages due and owing for all hours Named Plaintiff and other similarly situated Telephone Claims Adjusters worked each week and its failure to pay Named Plaintiff and other similarly situated Telephone Claims Adjusters overtime wages at the time-and-one-half rate for overtime Named Plaintiff and other similarly situated Telephone Claims Adjusters worked over forty (40) hours each week was in direct violation of GEICO's FLSA, state law, and contractual wage payment obligations.

## FLSA COLLECTIVE ACTION ALLEGATIONS

31.     Named Plaintiff bring her Count for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of herself and all similarly situated employees.

32.     Similarly situated employees, for purposes of the FLSA collective action claims, include individuals who work or have worked for GEICO as Region 1 Telephone Claims Adjusters, performing compensable work duties for GEICO's benefit at or out of GEICO's Fredericksburg, Virginia, business office and call center, at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b), who were not paid by GEICO at the time-and-one-half rate owed for all overtime worked over forty (40) hours per week as required by the FLSA time-and-one-half overtime compensation mandate.

33.     Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims for Named Plaintiff and the Class Plaintiffs.

34.     Named Plaintiff requests she be permitted to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

## VWPA CLASS ACTION ALLEGATIONS

35.     Named Plaintiff bring her state law counts for violations of the VWPA pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of herself and all similarly situated GEICO Region 1 Claims Adjusters performing work at or out of GEICO's Fredericksburg, Virginia, business office and call center, for relief to redress and remedy GEICO's violations of VWPA and failure to pay non-overtime wages due and owing for work duties performed (less than 40 hours per week) for which GEICO failed to pay Named Plaintiff and other similarly situated Telephone Claims Adjusters all wages due and owing.

36.     Pursuit of this action as a class will provide the most efficient mechanism for

adjudicating the claims of the Named Plaintiffs and the Class Plaintiffs.

37.    The VWPA Class includes all individuals who work or have worked for GEICO as Region 1 Telephone Claims Adjusters performing compensable work duties for GEICO's benefit at or out of GEICO's business office and call center in Fredericksburg, Virginia, at any time within the three (3) year period prior to the filing of this lawsuit who were not paid all non-overtime (40 and less per week) wages due and owing for work duties performed in Virginia as a result of GEICO's class-wide payroll practice of automatically deducting a daily meal period and otherwise failing to pay Named Plaintiff and those similar situated Telephone Claims Adjusters all earned non-overtime wages due for work duties performed exceeding 7.75 per day.

38.    The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  While the exact number of Class Plaintiffs is unknown to the Named Plaintiff at this time, upon information and belief, each the VWPA Class comprises at least fifty (50) Region 1 Telephone Claims Adjusters.

39.    There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that the Named Plaintiff and all Class Plaintiffs have been harmed by GEICO's common and class-wide payroll practices of (i) automatically deducting earned wages for a daily fictional 45-minute meal period and (ii) shaving compensable work hours exceeding 7.75 hours per day. This unlawful payroll scheme perpetrated by GEICO resulted in a class-wide denial of payment to Named Plaintiff and all Class Plaintiffs of all earned non-overtime wages due and

owing for all compensable non-overtime hours worked each week.

40.     The claims of the Named Plaintiff are typical of the claims of the Class Plaintiffs and the relief sought by the Named Plaintiff is typical of the relief which would be sought by each of the Class Members in separate actions.

41.     All Class Plaintiffs were subject to the same common and class-wide unlawful compensation practices perpetrated by GEICO, as alleged herein.

42.     GEICO's common and class-wide unlawful compensation policies and practices affected and caused damages to the Named Plaintiff and all Class Plaintiffs similarly.

43.     Named Plaintiff and the Class Plaintiffs sustained similar losses, injuries, and damages arising from the same unlawful and class-wide payroll policies and practice perpetrated by GEICO.

44.     Named Plaintiff can fairly and adequately protect the interests of Class Plaintiffs, and there are no known conflicts of interest between Named Plaintiff and any of the Class Plaintiffs.

45.     Named Plaintiff has retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

46.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Plaintiffs is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Plaintiffs may be small for some in the sense pertinent to the class action analysis, the expenses and

burden of individual litigation would make it extremely difficult or impossible for the individual Class Plaintiffs to redress the wrongs done to them.

<u>COUNT I</u>
**Violation of the FLSA Overtime Compensation Mandate**

47.     Named Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

48.     Pursuant to the FLSA, employers must pay non-exempt employees such as Named Plaintiff and the Class Plaintiffs at the rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime worked over 40 hours per week.

49.     As set forth above, GEICO failed to pay Named Plaintiff and the Class Plaintiffs at the FLSA required rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime Named Plaintiff and the Class Plaintiffs worked over 40 hours per week.

50.     GEICO had actual knowledge that its failure to pay Named Plaintiff and the Class Plaintiffs at the FLSA required rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime worked over 40 hours per week was in direct violation of Named Plaintiff and the Class Plaintiffs' FLSA overtime compensation rights.

51.     The foregoing conduct, as alleged above, constitutes willful violations of the FLSA which permits the recovery of unpaid overtime wages for up to three (3) years, rather than two (2) years.

52.     Named Plaintiff and the Class Plaintiffs seek to recover from GEICO of the following damages:

> a.   Unpaid wages due and owing for compensable overtime work duties performed over forty (40) hours per week;
>
> b.   Statutory liquidated damages;

c.  Attorneys' fees and costs; and

d.  All other legal and equitable relief as the Court deems just and proper.

## COUNT II
### Violation of the VWPA Wage Payment Mandate

53.     Named Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

54.     Pursuant to the VWPA, employers must pay employees performing work duties in the Commonwealth of Virginia, such as Named Plaintiff and the Class Plaintiffs, full and timely payment of all wages due and owing for all compensable work duties performed each week.

55.     As set forth above, GEICO failed to pay Named Plaintiff and the Class Plaintiffs full and timely payment of all non-overtime wages due and owing for all compensable non-overtime work duties performed by Named Plaintiff and the Class Plaintiffs in the Commonwealth of Virginia.

56.     On information and belief, GEICO had actual knowledge that its failure to pay Named Plaintiff and the Class Plaintiffs full and timely payment of all non-overtime wages due and owing for all compensable non-overtime work performed in the Commonwealth of Virginia was in direct violation of Named Plaintiff and the Class Plaintiffs' VWPA compensation rights.

57.     The foregoing conduct, as alleged above, constitutes willful violations of the VWPA timely wage payment mandate.

58.     Named Plaintiff and the Class Plaintiffs seek to recover from GEICO the following damages:

a.  Unpaid non-overtime wages due and owing for compensable work duties performed in weeks Named Plaintiff and/or the Class Plaintiffs performed compensable work duties in the Commonwealth of Virginia;

    b.  Statutory liquidated damages;

    c.  Attorneys' fees and costs; and

    d.  All other legal and equitable relief as the Court deems just and proper.

## RELIEF SOUGHT

WHEREFORE, Named Plaintiff, and all those similarly situated Class Plaintiffs, collectively pray that this Honorable Court:

1. Issue an Order certifying this action as a collective action under the FLSA, and designate Named Plaintiff as the representative of all those similarly situated under the FLSA collective action;

2. Issue an Order certifying this action as a class action under the VWPA and designating Named Plaintiff as the representative on behalf of all those similarly situated under the VWPA Class;

3. Award Named Plaintiff and all those similarly situated Class Plaintiffs actual damages in the amount of all wages found due to Named Plaintiff and those similarly situated Class Plaintiffs and an award of liquidated damages as provided by the FLSA and the VWPA.

4. Award Named Plaintiff and all those similarly situated Class Plaintiffs pre- and post-judgment interest at the statutory rate;

5. Award Named Plaintiff and all those similarly situated Class Plaintiffs attorneys' fees, costs, and disbursements calculated at *Vienna Metro* Index Rates; and

6. Award Named Plaintiff and all those similarly situated Class Plaintiffs further legal and/or equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

Named Plaintiff requests a jury trial on all issues so triable.

Dated:  August 12, 2021                         Respectfully submitted,

                                                */s/ Gregg C. Greenberg*_____
                                                Gregg C. Greenberg, VA Bar No. 79610
                                                ZIPIN, AMSTER & GREENBERG, LLC
                                                8757 Georgia Avenue, Suite 400
                                                Silver Spring, Maryland 20910
                                                (301) 587-9373 (ph)
                                                Email:  GGreenberg@ZAGFirm.com

                                                *Attorneys for Named Plaintiff and the Class*